UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARLENE HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of the Social Security )<br>Administration )<br>)<br>Defendant. ) | Cause No. 4:20-CV-4-PPS |

## OPINION AND ORDER

Darlene Hill appeals an administrative law judge's denial of her application for Social Security disability benefits. In doing so, she alleges the ALJ erred in finding her general anxiety disorder and depression as non-severe, determining the severity of her pain disorder with related psychological factors, considering the combination of all of her impairments as not meeting the Listing severity, and failing to weigh the opinion of Dr. Gerald Gruen, the consultive psychologist. After reviewing the record, I find that the ALJ's decision is supported by the substantial evidence and affirm.

## Background

Darlene Hill applied for disability insurance benefits in 2016, claiming that she was disabled as of May 1, 2009, which was later amended to January 3, 2016. [AR 15.][1] As of this alleged onset date, Hill was 54 years old and had previously worked as a

---

[1] The Administrative Record (AR) in this case is found at Docket Entry #9. Citations reference the Bates stamp page number in the lower right-hand corner of the AR.

driver and laborer in the automotive industry and customer service representative at K-Mart. [AR 36, 44-45, 50.]

On March 10, 2016, Nancy Edwards, Hill's nurse practitioner, assessed her for major depressive disorder, single episode, generalized anxiety disorder, low back pain, gastro-esophageal reflux disease without esophagitis, hyperlipidemia, and a BMI of 22-22.9. [AR 428.] On June 21, 2016, Dr. Edwards noted her anxiety and depression, but did not include it in her assessment. [AR 404-05.] On August 5, 2016, Hill visited Dr. Kevin Dew for a consultive examination, who found her to be quite limited in daily living and work activities. [AR 23, 664-66.] On August 8, 2016, Hill met with Dr. Gerald Gruen, a consultive psychologist, who diagnosed her with major depressive disorder, moderate, recurrent, and generalized anxiety disorder, with occasional panic attacks. [AR 669-72.] On October 28, 2016, Dr. Megan Shanley assessed Hill with bilateral lower extremity edema. [AR 709.] On November 28, 2016, Hill met with Berthold Stover, a licensed clinical social worker, who prescribed Xanax for her anxiety. [AR 702.] On December 8, 2016, Hill met with Dr. Edwards again, who assessed her with anxiety disorder, low back pain, major depressive disorder, single episode, unspecified, elevated brain natriuretic peptide, and other psychoactive substance dependence. [AR 898-99.] On February 16, 2017, Hill saw Mr. Stover who prescribed her additional Xanax for her anxiety. [AT 1115-16.] On March 16, 2017, Dr. Edwards noted her anxiety but did not include anxiety in her assessment plan. [AR 876-85.]

Dr. Edwards wrote a letter for Hill so that Hill may have dogs at her residence to

assist with her anxiety. [AR 1121.] While Mr. Stover noted that Hill was not making progress for a couple of visits, he reported later that she was making good progress and her overall symptoms had reduced. [AR 1099, 1111, 1113, 1075.] In 2018, Hill also saw Ms. Cassin who noted Hill was improving. [AR 942, 955, 972, 985, 998.] Dr. Edwards discontinued Hill's prescription for Xanax because she wasn't using it. [AR 1119.]

State agency physician Dr. Joelle Larsen reviewed the medical evidence and assessed her with severe spine disorder, and non-severe affective and anxiety disorders. [AR 62-63.] Dr. Larsen and Dr. Kenneth Neville found her to be "bitter, angry, very depressed, speech pressured, angry tone with a great deal of swearing, however speech coherent, fluent and cooperative. Good concentration and attention throughout exam. [Major depressive disorder], moderate, [generalized anxiety disorder] with occasional panic attacks" based on Dr. Gruen's assessment. [AR 63, 88.] They found that she works part time, is capable of taking care of herself, is able to drive, and that "[e]vidence suggests psych is not severely limiting." [AR 63.] Dr. Brill and Dr. Sands, state agency physicians, found her not disabled. [AR 67, 92.] Upon reconsideration, "[n]o alleged worsening or additional impairments although some additional treatment is noted." [AR 87.] The additional treatment included an unremarkable CT of the pelvis, and worsening pain in the left knee. *Id.*

The ALJ denied Hill disability benefits in a written opinion. [AR 15-25.] In his opinion, the ALJ engaged in the required five-step evaluation to determine whether Hill was disabled. At Step 1, the ALJ considered whether the claimant is engaged in

substantial gainful activity. 20 C.F.R. § 404.1520(b). The ALJ determined Hill had not engaged in substantial gainful activity since January 3, 2016. [AR 18.] At Step 2, the ALJ considered whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that are "severe." 20 C.F.R. § 404.1520(c). The ALJ determined that Hill had the severe impairment of degenerative disc disease of the lumbar spine and had a number of non-severe impairments, including: apnea, depression, and generalized anxiety disorder. [AR 18.] During this analysis, the ALJ considered multiple medical records, including those by Dr. Gerald Gruen. [AR 18-19.] At Step 3, the ALJ considered whether the claimant's impairment or combination of impairments meets or medically equals one of the applicable Social Security listings. 20 C.F.R. § 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. The ALJ found that this combination of impairments did not meet or medically equal the severity contemplated by the Listings. [AR 20.]

     The ALJ then determined Hill's residual functional capacity and found that she was able to perform light work with certain limitations: only occasionally climbing ladders, ropes, and scaffolds, stooping, crouching, and crawling, and only frequent climbing of ramps and stairs, balancing, and kneeling. [AR 20-24.] The ALJ posed hypothetical and follow-up questions to a vocational expert who testified that a claimant with the limitations posed could work in her former job as a driver. [AR 24, 19-54.] The ALJ therefore found Hill was not disabled within the meaning of the Social Security Act [AR 25] and the Appeals Council denied her appeal of that decision. [AR 1-

6.]

## Discussion

Whether or not Hill is disabled is not for me to decide—that's the job of the Social Security Administration. My role in the process is to review the ALJ's ruling to determine whether it applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue,* 688 F.3d 306, 310 (7th Cir. 2012). The review is light because the Supreme Court has stated that the "substantial evidence" standard is a modest one; it is less than a preponderance of the evidence standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The standard is met "if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004). My review is guided by the fact that, while the ALJ need not address every piece of evidence, he must build a "logical bridge" between the evidence and his findings and adequately discuss the issues so that I can evaluate the validity of the agency's findings. *Shideler*, 688 F.3d at 310. The claimant bears the burden of proving a disability and presenting medical evidence supporting her allegations. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010); 20 C.F.R. § 416.912(a).

I begin with Hill's claim, which is reiterated throughout her brief, that the ALJ erred when he failed to weigh Dr. Gruen's opinion in his analysis and should have included *all* of Dr. Gruen's findings in his decision. [DE 11 at 24-25.] Specifically, Hill argues that the ALJ should have considered Dr. Gruen's observations that she was "a bitter, angry woman, and very depressed." *Id.* at 25. "In rendering his decision, an ALJ

-5-

must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotations omitted).

Contrary to Hill's claims that the ALJ did not consider Dr. Gruen's opinion, the ALJ both directly and indirectly referenced Dr. Gruen's opinion throughout the decision. [AR 18-19, 669-73.] The ALJ directly considered Dr. Gruen's opinion when he analyzed Hill's severity under the Listing. "Further, during [t]he psychological consultative examination on August 8, 2016, the claimant['s] memory was intact." [AR 18] "Additionally, the claimant was able to maintain good concentration and attention throughout the psychological consultative examination." [AR 19.]

The ALJ also indirectly considered Dr. Gruen's opinion through the state agency psychological consultants. [AR 19.] Drs. Larson and Neville both specifically referenced Dr. Gruen's opinion during their explanation and found her to be "bitter, angry, very depressed, speech pressured, angry tone with a great deal of swearing, however speech coherent, fluent and cooperative. Good concentration and attention throughout exam. [Major depressive disorder], moderate, [generalized anxiety disorder] with occasional panic attacks." [AR 63, 88.] Hill argues in her briefs that this very language was not considered by the ALJ. [DE 11 at 24-25] ("[the ALJ] said nothing of Dr. Gruen's findings that her speech was pressured, often in angry tone with a great deal of swearing (especially she talked of her past husbands and bosses), or his observations that the Plaintiff was a bitter, angry woman, and very depressed."). Furthermore, Drs. Brill and

-6-

Sands considered and "gave weight" to Dr. Gruen's opinion. [AR 64, 89.] Because the ALJ both directly and indirectly incorporated Dr. Gruen's decision in his severity analysis, I find that the ALJ did, in fact, include Dr. Gruen's opinion in his decision.

Hill also claims that the ALJ erred in regarding her generalized anxiety disorder and depression as non-severe and did not determine the severity of her pain disorder and related psychological factors. [DE 11 at 19-22.] "A 'severe' impairment significantly limits the claimant's ability to perform basic work activities." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (citing *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)). "Impairments are not 'severe' when they do not significantly limit the claimant's ability to perform basic work activities, including 'walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.'" *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016) (citing 20 C.F.R. § 416.921). A "non-severe impairment is 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Id.* (citing SSR 96-3p, 1996 SSR LEXIS 10, at *3, 1996 WL 374181, at *1 (July 2, 1996)). The ALJ must evaluate "the objective medical evidence and the claimant's statements and other evidence regarding the intensity, persistence, and limiting effects of the symptoms." *Id.*

In her brief, Hill does not point to the Listings she contends she met as severe. After reviewing her arguments, I will assume that she is referring to Listing 12.04 for depression and 12.06 for anxiety. Listing 12.04 requires that depressive disorder be characterized by five or more of the following: depressed mood, diminished interest in

almost all activities, appetite disturbance with change in weight, sleep disturbance, observable psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, difficulty in concentrating or thinking, or thoughts of death or suicide.[2] Five or more of these characteristics must be accompanied by either (1) extreme limitation of one, or marked limitation of two, of the following: understanding, remembering, or applying information; interacting with others; concentration, persistence, or maintaining pace; or adapting or managing oneself or (2) the mental disorder is "serious and persistent" with medically documented history of the existence of the disorder over a period of at least two years and there is evidence of both "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder" and "marginal adjustment, that is, [] minimal capacity to adapt to changes in [] environment or to demands that are not already part of [] daily life." *Id.*

      Parsing out these elements from Hill's brief, Hill states she has depressed mood ("severe Depression"), sleep disturbance ("sleep problems"), observable psychomotor agitation or anxious restlessness (presumably from her panic attacks), and feelings of guilt or worthlessness (from Dr. Gruen's report). [DE 11 at 19-20.] These four characteristics fall shy of the five required to proceed to the next step. However, for the sake of argument, I will consider the next step. The ALJ specifically considered the

---

[2] *Listing 12.04*, SSA, www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_04 (last visited Mar. 28, 2021).

limitation of understanding, remembering, or applying information; interacting with others; concentration, persistence, or maintaining pace; or adapting or managing oneself and found that Hill had, at most, a mild limitation. [AR 19.] Hill does not refute this decision in her brief, so I will consider the alternative step of whether the mental disorder is "serious and persistent" with medically documented history of the existence of the disorder over a period of at least two years and there is evidence of both (1) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder and (2) marginal adjustment or minimal capacity to adapt to changes in environment or to demands that are not already part of daily life.[3] According to her brief, Hill has had "almost 2 years of intensive psychotherapy," which falls short of the "at least two years" requirement. [DE 11 at 20.] Also, she cannot meet the "marginal adjustment" prong because multiple records in 2018 showed that she was improving. [AR 942, 955, 972, 985, 998, 1099, 1111, 1113, 1075, 1119.] Therefore, with regards to Listing 12.04, I find the substantial evidence here supports the ALJ's decision.

Listing 12.06 requires medical documentation of an anxiety disorder, characterized by three or more of the following: restlessness, easily fatigued, difficulty concentrating, irritability, muscle tension, or sleep disturbance in combination with the

---

[3] *Listing 12.04*, SSA, www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_04 (last visited Mar. 28, 2021).

second prong as described in the depression listing.[4] I now parse from the brief Hill's claims for this listing. She states that she has irritability, sleep disturbance, and panic attacks. [DE 11 at 20.] As described above, even if she were to meet the first prong in this analysis, the ALJ properly analyzed the second prong and found that she does not meet the listing requirements. [AR 19.] In short, Hill has not overcome her burden of proof for either the depression or anxiety analysis.

Instead, Hill focuses on the argument that the ALJ did not confront favorable evidence to her in reaching his decision, such as addressing Dr. Gruen's observations, Dr. Wernert's mental status notes, and various depression screenings. [DE 11 at 19-20.] As previously discussed, the ALJ did address Dr. Gruen's observations. As for her allegations regarding Dr. Wernert's notes and the depression screenings, on February 15, 2018, Dr. Wernert saw Hill and assessed her with generalized anxiety disorder and prescribed her Trazodone for her depression. [AR 1071-73.] Hill also points to various depression screenings showing moderate to severe depression. [DE 11 at 20, AR 865-66, 877-78, 892-93, 920.]

I begin by reiterating that the ALJ need not cite every piece of evidence in the record, but must build a logical bridge between the evidence and his decision, *Shideler*, 688 F.3d at 310, and that the claimant bears the burden of proving a disability and presenting medical evidence supporting her allegations. *Castile*, 617 F.3d at 927. In

---

[4] *Listing 12.06*, SSA, www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_06 (last visited Mar. 28, 2021).

looking at the ALJ's opinion, I note that while he did not specifically cite to Dr. Wernert's notes or the depression screenings, the ALJ did consider various mental status examinations over this period of time and found them to be "generally unremarkable." [AR 19.] He further found that Hill manages her conditions with prescribed medications on an as-needed basis and goes to outpatient counseling, and that her speech, affect, thought process, and mood were normal and amounted to no more than a mild limitation. [AR 19, 405, 598, 603, 614, 623, 638, 670-72, 825, 836, 873, 884, 1133, 1141, 1146.]

Contrary to Hill's claims, the ALJ did consider evidence favorable to her. For example, he considered Dr. Edward's notes and Hill's statements regarding the severity of her chest pain and panic attacks. [AR 19.] The ALJ also considered a note written by Dr. Edwards requesting that Hill be able to have her dogs in the residence to assist with controlling her anxiety. [AR 1121.] The ALJ found that the record did not indicate that Hill needed to take the dogs with her when she left her home and explained why he gave this evidence little weight. [AR 19.] After reviewing the decision and the evidence, I find that the ALJ's decision is supported by the substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." (internal citation omitted)).

Hill also criticizes the weight given to the state agency psychologists and that those opinions did not include 29 visits between December 8, 2016 and August 2018.

[DE 11 at 20.] However, she does not cite to these visits in the record. Drs. Larsen and Brill, state agency psychologists, reviewed medical records from multiple sources between June 22, 2016 through August 22, 2016, including Dr. Gruen's opinion on August 8, 2016. [AR 58-68.] Upon reconsideration on January 30, 2017, Drs. Neville and Sands, state agency psychologists, reviewed medical records from June 22, 2016 through December 5, 2016 and found "[n]o alleged worsening or additional impairments," an "[u]nremarkable CT," "constant and worsening pain in left knee," and "no progress, no significant change, . . . [and] [n]o new issues" during this time. [AR 87.] However, the ALJ also considered evidence after this reconsideration, including progress notes from November 8, 2016 through August 23, 2018 with Dr. Edwards and Mr. Stover, and found the mental status examinations generally unremarkable. [AR 19.] The ALJ also considered the March 16, 2017 opinion by Dr. Edwards but found that the evidence did not support the necessity of the level of support requested by Hill, that she was managing these conditions with medication on an as-needed basis, and had outpatient counseling. [AR 19.]

Next, Hill claims that the ALJ erred in not including her pain disorder with related psychological factors in the severity analysis. Dr. Wernert diagnosed Hill with "pain disorder with related psychological factors" in 2018. [AR 1070.] Hill argues that this exclusion prevented the ALJ from fully exploring the restrictions caused by this condition, and that this failure "results in an ultimately flawed decision." In reviewing the record, Dr. Wernert's assessment is the only evidence in the record to mention "pain

-12-

disorder with related psychological factors" and does not include any follow-up appointments. Apart from failing to identify an appropriate listing, Hill fails to point to evidence in the record that supports this diagnosis, or how this disorder significantly limits her ability to work. I cannot assume an impairment because a diagnosis alone cannot support the criteria of a listing. 20 C.F.R. § 404.1525. The ALJ did examine Hill's pain during the RFC analysis and found that it was manageable with medication and activity modification. [AR 21.] He also found that she was going to physical therapy until April 2018 when she stopped showing up. [AR 22.] Hill bears the burden of proving a disability and presenting medical evidence supporting her allegations, and I find that she has not done so here. *Castile*, 617 F.3d at 927.

Lastly, Hill claims that the ALJ erred in the severity analysis because the combination of her impairments meet or equal the listing. When an ALJ finds that one or more of a claimant's impairments are "severe," the ALJ needs "to consider the *aggregate* effect of this entire constellation of ailments – including those impairment that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original). At step 3, the ALJ analyzed whether Hill had a combination of medically determinable impairments that met or medically equal the severity of one of the listed impairments. [AR 20.] He first considered Listing 1.04 and found that combinations of her impairments did not meet or medically equal the severity of this Listing. He continued on, stating: "the record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or

equal the criteria of any listed impairment and no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairments medically equal a listed impairment." *Id.* In her briefs, Hill only mentions Listing 1.04, which the ALJ analyzed in his decision. Hill then criticizes the RFC analysis, stating that "the ALJ's RFC is devoid of any restrictions as to basic mental work activities." [DE 11 at 24.] However, the ALJ did consider Hill's "statements concerning the intensity, persistence and limiting effects of these symptoms" and that they were not supported by the record. [AR 21.] The ALJ also considered the Global Assessment Functioning score of 70 throughout 2018, which is "used by mental health professionals to subjectively rate the social, occupational, and psychological functioning of adults" but gave it little weight because "GAF scores have no 'direct correlation to the severity requirement [of the] mental disorders listing.'" [AR 23-24.] *See* 65 Fed. Reg. 50746-65 (Aug. 21, 2000). I find that the ALJ's consideration of the combined impairments is supported by the substantial evidence and that Hill has not met her burden of presenting medical evidence supporting her allegations. *Castile*, 617 F.3d at 927.

After reviewing the ALJ's decision, I find that the ALJ built a logical bridge connecting his decision to the substantial evidence. I further find that the ALJ properly included Dr. Gruen's opinion, considered the severity analysis, and determined that the combination of impairments did not meet or equal the criteria considered by the Listings.

-14-

**Conclusion**

For the foregoing reasons, the decision of the ALJ denying Darlene Hill's application for Social Security disability benefits is **AFFIRMED**.

**SO ORDERED on March 31, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT